# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JERALD HOWARD BURGESS,<br><br>    Defendants. | 2:00-CR-00379-KJD-LRL<br><br><br>**ORDER ON REMAND** |

This case is presently before the Court on remand from the United States Court of Appeals for the Ninth Circuit. The remand is pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). Pursuant to <u>Ameline</u>, the Court is to answer the question of whether the district court would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory. <u>See</u> <u>Ameline</u>, 409 F.3d at 1083. In this case the Court determines that the sentenced imposed would not have differed materially had it been aware that guidelines were advisory rather than mandatory. Accordingly, the Court having reviewed the sentence imposed, based upon the facts available at the time of sentencing, places on the record a decision not to resentence with an appropriate explanation which responds to each of the points raised in Defendant's Post Sentencing Memorandum.

   A. <u>Defendant's 1978 Sexual Assault Conviction</u>

Defendant contends that the Court erred in adjudicating the base offense level at 22 because Defendant's conviction on two counts of sexual assault does not qualify as a crime of violence. Defendant argues that the statute of conviction, Nev. Rev. Stat. ("N.R.S.") § 200.366, does not categorically qualify as a crime of violence because it does not require proof of force and

is thus overly inclusive. Defendant, citing <u>Dinkins v. State</u>, 92 Nev. 74, 546 P.2d 228 (1976), argues that the enhancement under section 2K2.1(a)(3) of the sentencing guidelines requires a showing that he employed force to achieve his objective. Section 2K2.1(a)(3) does not define "crime of violence." However, Application Note 5 of the commentary to that section states that a "crime of violence" is defined in §4B1.2.

Section 4B1.2 defines "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

   (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, <u>or</u>

   (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (emphasis added).

The Ninth Circuit has adopted a straightforward method to determine if an offense constitutes a crime of violence under §4B1.2. First, pursuant to §4B1.2, the court must examine the elements of the crime charged. If one of the elements is use, attempted use or threatened use of physical force, then the crime is a crime of violence. See <u>United States v. Young</u>, 990 F.2d 469, 471 (9th Cir. 1993). This inquiry examines "whether the actual charged 'conduct' of the defendant presents a serious risk of physical injury to another." <u>Id.</u> (quoting <u>United States v. Sahakian</u>, 965 F.2d 740, 742 (9th Cir. 1992)). In making this determination, sentencing courts may consider the statutory definition of the crime, any conduct charged in the indictment or information, the defendant's guilty plea or plea agreement, and any jury instructions. See <u>Id.</u> at 472.

Defendant's statute of conviction, N.R.S. 200.366, requires a showing that the defendant subjected another person to sexual penetration against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of

2

resisting.  Requiring another to do something against his or her will carries with it the ever present possibility that the victim may figure out what is really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint.  See United States v. Kaplansky, 42 F.3d 320, 324 (6th Cir. 1994), see also Zaidi v. Ashcroft, 374 F.3d 357, 360-61 (5th Cir. 2004), United States v. Mack, 53 F.3d 126, 128 (6th Cir. 1995).  Defendant's crime, sexual penetration against the will of the victim, "presented a serious potential risk of physical injury to another," because there is always the risk that resistance by the victim will result in physical injury.

      Finally, even if the court was not able to conclude categorically that Defendant's conviction on two counts of sexual assault are crimes of violence for purposes of setting the base offense level, there is nothing to preclude taking into consideration the criminal history of the defendant.  The criminal history of the Defendant was before the court not only for the enhancement inquiry, but also for purposes of determining criminal history points and exercising sentencing discretion within the guideline range.  Defendant did not include among his formal sentencing objections filed February 1, 2002, any objection to the statements contained at paragraph 42 of the Presentence Investigation Report.  Paragraph 42 recites that on April 23, 1980, the Defendant was sentenced to fifteen years in the Nevada State Prison for two counts of sexual assault and released on parole on June 24, 1989, having served nine years.  Also, Defendant did not formally object to the inclusion of the factual scenario from the presentence report of the State of Nevada dated April 17, 1980.  Specifically, it is mentioned that the Defendant met the victim at her son's school and he offered to get her a job. Later, the victim met the Defendant and was traveling with him when he drove her to Ann Road and raped her.

      Given Defendant's criminal history and the evidence adduced in this case, which included tape recordings of the Defendant making callous statements regarding the killing of other human beings, the sentencing would not have been materially different had the four level enhancement of § 2K.2.1(a)(3) not been applied.

B. <u>Use or Possession of a Firearm in Connection with another Felony Offense</u>

Defendant argues that the Court did not make a finding of the specific felony offense Defendant used or possessed the firearm or ammunition "in connection with." The evidence adduced at trial showed that Defendant supplied the firearm and ammunition to an individual who intended to use it to "get rid of" a business partner. The claim of the Defendant that he was providing it to be used in self-defense is belied by the fact that he also provided rubber gloves (so that fingerprints would not be left), and a silencer. In finding that the "totality of circumstances causes this Court to conclude that the four level adjustment is appropriate under § 2K2.1(b)(5)," the Court relied upon the trial testimony and exhibits. Among the exhibits were tapes of the Defendant discussing the potential of the firearms he was providing to kill other human beings. Defendant's counsel, in his sentencing argument, acknowledged that one of the witnesses testified of telling Defendant that the gun was going to be used to kill someone. The recorded conversations make it clear that Defendant provided weapons with the belief they would be used to kill others unjustifiably. Silencers and gloves are not needed if, as claimed by Defendant, the weapon is intended only for self-protection.

Accordingly, there would have been no difference in the sentence had the Court been aware the guidelines were advisory or the enhancement not applied.

C. <u>The Two Level Enhancement for Obstruction of Justice</u>

Defendant appears to argue that the because the Court did not expressly find Defendant's conduct in testifying falsely to be "willful," the 2-level enhancement for obstruction of justice was improper. The Court found that the Defendant testified falsely as to material matters, including his claim that he did not look to see if there was a serial number on the weapon and that he did not notice the silencer. Defendant's recorded statements on those subjects contradicts his sworn testimony. As pointed out above, Defendant also testified falsely that he believed the weapon was to be used in self-defense. Defendant lied on numerous other occasions during trial. The

Magistrate Judge also found that Defendant lied during his suppression hearing. A wilful purpose is inherent in Defendant's false testimony. He testified falsely in an attempt to avoid conviction. His fabrications were not the result of mistake, faulty memory or some other cause negating willfulness.

Accordingly, the sentence imposed would not have been materially different had the Court been aware that the guidelines were advisory or the enhancement not applied.

D. Imposition of Consecutive Sentences

Defendant's argues that the Court applied the guidelines mechanically in sentencing consecutively as to 15 months on Count 4. However, the sentence of 135 months is a mid-range sentence. Running sentences for some of the counts concurrently and then consecutively for 15 months on Count Four, reflects the tailoring of the sentence to the facts of this case and the criminal history of the Defendant. The fact that the Probation Department recommended the sentence imposed does not automatically make it suspect. Much thought went into the presentence report and its recommendations.

The Court finds that it would have imposed a consecutive sentence of a least 15 months on Count Four even if the guidelines had not been viewed as mandatory.

E. Consideration of the Sentencing Factors of Section 3553(a)

Defendant's final argument is that the Court did not consider the sentencing factors of 18 U.S.C. § 3553(a). The contention is belied by the extensive consideration given to the facts of this case and discussed on the record at the time of sentencing. In imposing a sentence of 135 months, the Court stated: "the trial testimony in this case paints a picture of someone who was . . . willing to help someone carry out a homicide without leaving evidence or witnesses." As of the time of sentencing, Defendant had not accepted responsibility or shown remorse for his offenses. As further stated, the sentence imposed was mid-range "to punish the Defendant and protect the public from further crimes." The Court also discussed the factor of deterrence and that

Defendant's prior incarceration had not provided him with the needed rehabilitation. "Defendant's prior record of criminal arrests and convictions reflects that he has not taken advantage of prior terms of incarceration." To the contrary of Defendant's argument, the Court fairly considered the sentence in relationship to the crimes of conviction. Letters in mitigation from Defendant's supporters and family were also considered and discussed on the record. The extensive sentencing transcript reflects, in part, the thought processes of the court in arriving at the sentence to be imposed. Accordingly, Defendant's final contention, that the Court failed to consider the sentencing factors of 18 U.S.C. §3553(a), is rejected.

Conclusion

This Defendant was not prejudiced by the application of the United States Sentencing Guidelines. He stands convicted of serious crimes. Even so, the convictions do not adequately reflect his intent to assist others by providing instrumentalities he believed would be used in the commission of murder and then offering to assist in disposing of the body where it would not be found..

The sentence imposed considers the sentencing factors of 18 U.S.C. §3553(a) and was not greater than necessary to reflect the seriousness of the offense, afford adequate deterrence and protect the public from further crimes of the Defendant. The Defendant's sentence would not have been materially different had the Court first foreseen that the Sentencing Guidelines are advisory.

DATED this 7 day of August 2006.

_____
Kent J. Dawson
United States District Judge